IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 16, 2005 Session

## STATE OF TENNESSEE v. JOHNNY QUENT CRUDUP

**Interlocutory Appeal from the Criminal Court for Wilson County**
**No. 02-1031     J.O. Bond, Judge**

---

**No. M2004-01646-CCA-R9-CO - Filed June 9, 2005**

---

Defendant, Johnny Quent Crudup, was indicted on two counts of theft of property of more than $1,000 but less than $10,000, a Class D felony, and two counts of theft of property of more than $10,000 and less than $60,000, a Class C felony. Defendant filed an application for pretrial diversion which was subsequently denied by the district attorney general. The trial court denied the writ of certiorari and affirmed the district attorney general's decision. Defendant was granted permission to take an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. Defendant contends that the district attorney general abused his discretion in denying Defendant's application, and that the denial was improperly made by an assistant district attorney instead of the district attorney. We affirm the trial court's order denying pretrial diversion.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID G. HAYES, J., joined.

Jerry Gonzalez, Nashville, Tennessee, for the appellant, Johnny Quent Crudup.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; Brian W. Fuller, Assistant District Attorney General; and Robert N. Hibbett, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I. Background

The charges against Defendant arose out of a series of unauthorized purchases Defendant made with a credit card issued to him by the City of Lebanon while he was employed as the purchasing agent for the city. According to the investigations conducted by the Lebanon Police Department and the Tennessee Division of Municipal Audits, Defendant made over one hundred

unauthorized purchases between 1999 and 2002, totaling approximately $40,239. The items purchased in these transactions were used by Defendant personally as well as in his photography business and his church. The investigation further concluded that Defendant attempted to conceal his activities by either not revealing the purpose of the purchase on the purchase order or by altering or recording false information on the purchase order.

According to the pretrial diversion report, Defendant holds an associate of science degree in banking and general technology from Nashville State Technical Institute and has been steadily employed since leaving the army in 1983. Defendant is an ordained minister of the Worldwide Abundant Life Fellowship Church and a member of various professional organizations. Defendant submitted numerous certificates with his pretrial diversion report commemorating his contributions to the community. Defendant was a member of the armed forces from 1976 to 1983 and received a Commendation Medal for "meritorious service" in 1982. However, Defendant was court-martialed in 1983 for receiving $2,000 for services relating to an official matter. The United States Court of Military Appeals affirmed the conviction, and Defendant was given a bad conduct discharge.

Defendant submitted a spread sheet to the prosecutor detailing the purchases he made with the city's credit card between 1999 and 2002. Defendant either detailed the purpose of the purchase or stated that there was "no explanation" for the purchase. According to Defendant's calculations, the reasons for only $7,790 of the purchases during this time period could not be explained, and these purchases occurred over a two-year period rather than the four years alleged by the State.

In its letter denying pretrial diversion, the prosecutor listed several factors that favored the granting of pretrial diversion including Defendant's community work, his membership in several "worthy organizations," his various achievement awards, and his employment history. The prosecutor, however, found four unfavorable factors: "(1) [t]he Defendant has a previous history of abusing a public trust in the military; (2) the amounts of money taken from the taxpayers was in the thousands of dollars; (3) he abused a position of trust as the purchasing agent for the City of Lebanon; and (4) the number of occasions of converting the city credit card to his own use and enrichment show a pattern over a long period of time of disdain for the law."

In determining that these factors outweighed Defendant's positive attributes, the prosecutor stated:

> The Defendant's conduct in abusing the city credit card and converting the items bought [for] his own use and his church over a four-year-period cannot be overlooked. It shows a pattern of criminal enterprise that was a wrong committed against society as [a] whole. It is clear that this was not a one-time lapse of judgment. The Defendant committed these acts over a lengthy period of time and had numerous opportunities to end this illegal conduct. Rather than end this conduct, the Defendant took steps to conceal the unauthorized purchases by leaving blank or false purposes for these purchases. The Defendant [benefitted] greatly at the expense of society. He abused a position of trust. This is the second time the Defendant has

-2-

abused a position of trust, the first resulted in the Defendant receiving a bad conduct discharge from the army. Placing this Defendant on diversion would do little to deter others from committing similar offenses. This conduct cannot be treated lightly and if the State should grant diversion, it would not serve the ends of justice in the least.

The trial court found that the prosecutor did not abuse his discretion in denying Defendant's request for pretrial diversion based on Defendant's violation of the public trust entrusted in him by virtue of his position.

## II. Standard of Review

In order to be eligible for pretrial diversion, a defendant must not have been previously granted pretrial or judicial diversion; must not have a prior misdemeanor conviction in which the defendant served a sentence of confinement or a prior felony conviction within a five-year period after completing the sentence or probationary period for the prior conviction; and must not be seeking diversion for a Class A or B felony, a sexual offense, driving under the influence, or vehicular assault. Tenn. Code Ann. § 40-15-105(B)(i)(a)-(c). "A person who is statutorily eligible for pretrial diversion is not presumptively entitled to diversion." *State v. Yancey*, 69 S.W.3d 553, 557 (Tenn. 2002) (citing *State v. Curry*, 988 S.W.2d 153, 157 (Tenn. 1999)). The decision to grant pretrial diversion rests with the district attorney. *Id.*

In considering whether to grant pretrial diversion, the district attorney must consider the following:

When deciding whether to enter into a memorandum of understanding under the pretrial diversion statute a prosecutor should focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered. Such factors must, of course, be clearly articulable and stated in the record in order that meaningful appellate review may be had. Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

*State v. Hammersley*, 650 S.W.2d 352, 355 (Tenn. 1983)). Failure to consider and articulate all of the relevant factors constitutes an abuse of discretion. *See Curry*, 988 S.W.2d at 157-58.

A defendant who has been denied pretrial diversion by the district attorney may petition for a writ of certiorari to the trial court. Tenn. Code Ann. § 40-15-105(b)(3). The decision to grant or deny pretrial diversion is presumptively correct and will not be set aside absent an abuse of discretion. *Curry*, 988 S.W.2d at 158; *Hammersley*, 650 S.W.2d at 356. In reviewing the district attorney general's decision, the trial court may only consider the evidence considered by the district

attorney general. *Curry*, 988 S.W.2d at 158. In order to find an abuse of discretion, the trial court must conclude that the record lacks substantial evidence supporting the prosecutor's determination. *Id.* The trial court "must not re-weigh the evidence, but must consider whether the district attorney general has weighed and considered all of the relevant factors and whether there is substantial evidence in the record to support the district attorney general's reasons for denying diversion." *Yancey*, 69 S.W.3d at 559. "[U]pon review of a denial or grant of pretrial diversion, the Court of Criminal Appeals is limited to considering only the evidence that was considered by the district attorney general." *Id*. at 559-60.

## III. Defendant's "Version of the Facts"

Defendant argues that the district attorney general's denial of his request for pretrial diversion was improper because he failed to consider Defendant's "recitation of the facts." According to Defendant's application for pretrial diversion, Defendant responded to the section requesting his recitation of the facts concerning the commission of the offenses with an attachment containing spreadsheets reflecting the purchases he made with the city-issued credit card. First, we observe that Defendant did not raise as an issue in his petition for writ of certiorari the argument that the district attorney general failed to consider his "recitation of the facts" in deciding whether or not Defendant should be granted pretrial diversion.

Nonetheless, generally when pretrial diversion is granted, the resulting memorandum of understanding may include stipulations as to the admissibility of certain evidence if the pretrial diversion is terminated and the matter proceeds to trial. Tenn. Code Ann. § 40-15-105(a)(3). The memorandum of understanding also includes a defendant's version of the facts of the offenses which may be used for purposes of cross-examining the defendant if suspension of the prosecution is terminated, and the matter proceeds to trial. *Id.* It is doubtful whether Defendant's numerous spreadsheets entitled "Detailed Statement of Credit Card Purchases" would facilitate the stated purpose behind the statutory requirement that a defendant submit his version of the facts with the memorandum of understanding.

Nevertheless, in summarizing the information he considered, the prosecutor merely stated in his denial letter that "Defendant did not include a recitation of the facts." The lack of a recitation of facts was not one of the enumerated reasons for denying pretrial diversion. Based on our review of the record, we find that Defendant is not entitled to relief on this issue.

## IV. Execution of the Denial Letter

Defendant argues that the letter denying his request for pretrial diversion is invalid because the letter was signed by an assistant district attorney general instead of the district attorney general. Although the pretrial diversion statute does not mandate that a denial letter be issued by the district attorney general, case law generally identifies the district attorney general as the individual in whom the discretion to grant or deny pretrial diversion is vested. *State v. Lane*, 56 S.W.3d 20, 24 n.3 (Tenn. Crim. App. 2000) (citing *Pinkham*, 955 S.W.2d at 959). An assistant district general attorney

"shall perform such duties as the district attorney general may require." Tenn. Code Ann. § 16-2-508(d). The letter denying Defendant's request for pretrial diversion specifically states that "the District Attorney General Fifteenth Judicial District, by and through the undersigned Assistant District Attorney, hereby denies the Defendant's application for pretrial diversion." Defendant's denial letter was properly executed in accordance with relevant statutes and case law.

## V. Restitution

Defendant argues that the district attorney general abused his discretion because he required Defendant to pay "up front" the full amount of the agreed upon restitution of $7,828.98 as a prerequisite to granting pretrial diversion. Defendant contends that the State did not consider his ability to pay restitution in setting this condition of his pretrial diversion. The State may require "[t]hat in the proper case the defendant make restitution in a specified manner for harm or loss caused by the offense, if restitution is within the defendant's capabilities." Tenn. Code Ann. § 40-15-105(a)(2)(D). The original amount of restitution was in excess of $40,000. As part of the plea negotiations, the State agreed to accept the reduced amount of $7,828.98 as restitution for the charged offenses based, in part, on its assessment of Defendant's ability to pay. We find no abuse of discretion in requiring payment in full of the negotiated amount of restitution as a condition of pretrial diversion. Moreover, although the district attorney general considered the fact that Defendant had not reimbursed the City of Lebanon for any of his unauthorized purchases in making his determination, his denial of pretrial diversion was based on factors other than the payment of restitution.

## VI. Violation of the Public's Trust

Defendant argues that the prosecutor abused his discretion when he based his denial of Defendant's request for pretrial diversion on a finding that Defendant had violated the public's trust. Defendant contends that most cases upholding a denial of pretrial diversion based on public trust concerns involve either offenders who are part of the criminal justice system or sworn public officials. *See State v. Houston*, 900 S.W.2d 712 (Tenn. Crim. App. 1995). Relying on *State v. Lane*, 56 S.W.3d 20 (Tenn. Crim. App. 2000), Defendant submits that he used the city issued credit card during his off-duty hours, and thus cannot be found to have violated the public's trust.

In *Lane*, the defendant was a firefighter with the Chattanooga Fire Department. The defendant was under a court's order to have no contact with his wife, who was charged with aggravated assault of the defendant. The defendant was indicted on two counts of perjury resulting from his testimony during a hearing to determine whether or not he had violated the "no contact" order. *Id.* at 23. One basis for denying the defendant's request for pretrial diversion was the prosecutor's finding that "'[t]he commission of perjury by a person who holds the public's trust is an abuse of that position of trust.'" *Id.* at 26. This Court concluded, however, that

> although the defendant in the case at bar is a public official in the sense that he is
> employed as a firefighter by a municipality, his duties are fire fighting and fire

prevention, not law enforcement. As such, we believe off-duty acts that are unrelated to this defendant's duties of public employment are not a proper basis for imposing a higher standard of conduct and thereby justifying a denial of pretrial diversion.

*Id.* at 27.

The *Lane* Court examined several unpublished opinions by various panels of this Court which addressed the issue of the role of public trust violations in pretrial diversion determinations. *Id.* at 27. In *State v. James M. Williams*, No. 02C01-9710-CR-00388, 1999 WL 2848 (Tenn. Crim. App., at Jackson, Jan.5, 1999), *perm. to appeal denied* (Tenn. 1999), an off-duty policeman struck and killed a man who was working in his yard near the side of the road. The jury found him not guilty of vehicular homicide, driving while under the influence of an intoxicant and reckless driving, and guilty of the felony charge of leaving the scene of an accident involving death. *Id.* at *1. In modifying the defendant's sentence to reflect the grant of probation, this Court observed,

> While the Defendant should certainly receive no leniency or special consideration due to his status as a police officer, we also do not believe he should be dealt with harshly just because he was an officer when this accident occurred. His crime is not one involving public corruption or reflecting a contrived plan or scheme to violate the law.

*Id.* at *12. *But see State v. Mary Hopson*, No. 01C01-9508-CC-00244, 1997 WL 71829 (Tenn. Crim. App., Nashville, Feb. 20, 1997), *no application for perm. to appeal filed* (diversion denied to police dispatcher who, while not a sworn official, was a symbol of law enforcement and committed one of her offenses while in uniform); *State v. William H. Bowen, Jr.*, No. 02C01-9409-CC-00199, 1995 WL 422850 (Tenn. Crim. App., at Jackson, July 19, 1995), *no application for perm. to appeal filed* (diversion denied to correctional officer who attempted to smuggle drugs into the prison).

We are aware that Defendant relies on *Curry* in support of his position that a public employee who embezzles funds from a municipality may be granted judicial diversion. In *Curry*, however, an abuse of discretion was found not because the prosecutor erroneously considered the circumstances of the defendant's offense, including the violation of the public's trust, but because in considering such circumstances, the district attorney general failed to consider the defendant's lack of a criminal record, her favorable social history, and her amenability to correction. *Curry*, 988 S.W.2d at 159. In the case *sub judice*, the prosecutor properly weighed Defendant's positive factors against those supporting a denial of pretrial diversion.

A district attorney general may appropriately inquire into the circumstances of the offense when considering an application for pretrial diversion. *Hammersley*, 661 S.W.2d at 355. In addition, "[d]eterrence to others as well as deterrence to the defendant is appropriate for consideration." *State v. Holland*, 661 S.W.2d 91, 93 (Tenn. Crim. App. 1983).

The record does not indicate whether Defendant made any of his unauthorized purchases

outside of business hours.  Nonetheless, we find that the district attorney general's finding that Defendant had violated the public's trust under the facts presented in this case was appropriate.  As purchasing agent for the City of Lebanon, Defendant was entrusted with a city-issued credit card for the expenditure of public funds.  Defendant used his position to make unauthorized purchases intended for his personal uses.  Unlike the offense examined in *Lane*, Defendant's unauthorized purchases were not isolated events.  The purchases, which numbered in excess of one hundred, occurred over a significant period of time, and Defendant took affirmative steps to elude detection by falsifying the unauthorized purchase orders.  Based on the foregoing, we find that the district attorney general did not abuse his discretion in considering the circumstances surrounding Defendant's offenses, including the violation of the public's trust.  In addition, we find that there was substantial support in the record to support the other factors relied upon in the district attorney general's determination to deny Defendant pretrial diversion.

After reviewing the record, we find that the evidence does not preponderate against the trial court's finding that the district attorney general did not abuse his discretion in denying pretrial diversion.

**CONCLUSION**

We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE