IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 25, 2005 Session

## STATE OF TENNESSEE v. JAMES N. HARRELL

**Appeal from the Circuit Court for Warren County**
**No. F-9808     Larry B. Stanley, Jr., Judge**

_____

**No. M2005-01074-CCA-R9-CO - Filed March 6, 2006**

_____

JAMES CURWOOD WITT, JR., J., dissenting.

Respectfully, I dissent from the majority's conclusion that the prosecutor's rejection of pretrial diversion rests upon sold legal bases. To be sure, the prosecutor carefully considered and discussed all criteria relevant to his pretrial diversion determination. Thus, my departure from the majority is not grounded upon any shortcomings in the prosecutor's effort; rather, I conclude that despite his thorough response to the petition, he ultimately relied upon grounds that do not legally support the denial of diversion.

The prosecutor concluded that diversion was inapt in the present case because (1) the defendant was insincere and unremorseful and (2) diversion would be inimical to the deterrence of similar future crimes.

This court has previously said that a defendant's failure to acknowledge guilt or demonstrate a lack of remorse are not sufficient by themselves to support a denial of pretiral diversion. *See State v. Stoney Gene Golden*, No. 88-146-III, slip op. at 3 (Tenn. Crim. App., Nashville, Apr. 12, 1989); *State v. Dewey L. Clark*, No. 03C01-9706-CR-00227, slip op. at 7 (Tenn. Crim. App., Knoxville, July 16, 1998); *State v. Christie Quick*, No. 01C01-9510-CC-00323, slip op. at 5-6 (Tenn. Crim. App., Nashville, Feb. 20, 1997); *State v. Carl Capps*, No. 47, slip op. at 1 (Tenn. Crim. App., Knoxville, June 13, 1989); *cf. State v. King*, 640 S.W.2d 30, 33 (Tenn. Crim. App. 1982) (pretrial diversion cannot be conditioned upon entry of guilty plea), *overruled on other grounds by State v. Sutton*, 668 S.W.2d 678, 680 (Tenn. Crim. App. 1984).

Accordingly, I turn my focus to the prosecutor's other basis for the denial, deterrence.

In the paragraph of his letter denying the defendant's diversion request, the prosecutor stated that denial was necessary to deter future similar criminal conduct:

The State has considered the deterrent effect that granting pretrial diversion may have on others. This wreck took the life of Shannon Green and resulted in serious injuries to four (4) other occupants. The two female survivors, Brooke Green and Katie Hillis, have had to undergo psychological counseling and one has attempted suicide as a result of this incident. The defendant was consuming alcohol and driving well-above the speed limit on a narrow, hilly, two-laned road. He never attempted to brake after losing control of the vehicle, valuing his new truck more than the safety of the passengers. To reward such behavior with pretrial diversion would have no deterrent effect and may well send a message that there is little consequences to be had for drinking and speeding recklessly resulting in the death of an innocent party.[1]

A prosecutor is constrained to identify a factual basis for his denial of pretrial diversion based on the need for deterrence. *See State v. Pinkham*, 955 S.W.2d 956, 960 (Tenn. 1997) (noting that a prosecutor is required to "identify the factual basis and rationale for the decision to deny pretrial diversion"); *see also State v. Lane*, 56 S.W.3d 20, 28 (Tenn. 2000) (finding the need for deterrence improperly applied in case where prosecutor failed to elucidate the factual basis and rationale for the need to deter crimes of perjury). In the instant case, when citing the need for deterrence as a basis for denying the defendant's pretrial diversion request, the prosecutor failed to identify a factual basis for the perceived need to deter future similar crimes.

Moreover, this court has rejected a denial of diversion based upon the need for deterrence merely because the reckless driving resulted in death, noting that the offense of vehicular homicide is statutorily eligible for pretrial diversion consideration. *See State v. Kelly Colson*, No. 03C01-9612-CR-00465, slip op. at 3 (Tenn. Crim. App., Knoxville, Aug. 29, 1997) ("In essence, the District Attorney stated that he felt that this offense involving the death of a person should not be considered for pretrial diversion because it would depreciate the deterrent effect to the Defendant and others who might be charged with the same offense. The offense [of vehicular homicide] . . . is an offense eligible for consideration for pretrial diversion. . . . Therefore, this reason was not [a proper basis for denying] pretrial diversion."); *State v. Jeremy Winsett*, No. 02C01-9409-CR-00223, slip op. at 1 (Tenn. Crim. App., Jackson, Feb. 29, 1996), *perm. app. denied* (Tenn. 1997) (reversing a denial of pretrial diversion in a case in which 18-year-old defendant was charged with two counts of vehicular homicide by recklessness and remanding for a grant of diversion because prosecutor, *inter alia*, denied diversion based on the need for deterrence and protecting the interests of the public when vehicular homicide is an offense that qualifies for pretrial diversion consideration); *see also Lane*, 56 S.W.3d at 28 (holding that deterrence was not a valid basis to support the prosecutor's denial of pretrial diversion because, *inter alia*, perjury is not statutorily excluded from consideration for pretrial diversion).

---

[1] The district attorney general further cites that the interests of the public and justice would not be served by a grant of pretrial diversion. However, I believe that the this rationale is so similar to the deterrence rationale that they may be considered as one.

In my view, the prosecutor's stated basis and rationale for the need for deterrence as supporting his denial of pretrial diversion is in sum a reiteration of the fact that the defendant's reckless behavior while driving his vehicle resulted in serious injuries to his occupants and the death of one occupant. Moreover, I cannot discern facts about the circumstances that demand a deterrent response. This conclusion is supported by the awareness that youthful indiscretion, inexperience, lack of judgment, and/or bravado accounted for the loss of life and injuries. Actions born of such factors are practically not deterrable.

Accordingly, I conclude that the prosecutor declined the defendant's request for pretrial diversion merely because of the nature of the defendant's crimes. I reiterate that all of the defendant's crimes are statutorily eligible for pretrial diversion consideration, a fact that the state did not dispute in the trial court or on appeal. Thus, an abuse of discretion occurs when the need for deterrence becomes the only otherwise viable basis for denying diversion.

Because the need for deterrence was an inappropriate grounds for denying diversion and because the other basis for the denial, the defendant's failure to acknowledge guilt or demonstrate remorse, are insufficient by themselves to support a pretrial diversion denial, the trial court erroneously concluded that the prosecutor did not abuse his discretion when denying diversion. Because the prosecutor's extremely thorough letter discusses all relevant criteria applicable to a pretrial diversion consideration, we should not remand this case for further findings but rather remand and instruct the district attorney general to enter into a memorandum of understanding for pretrial diversion with the defendant. *See Curry*, 988 S.W.2d at 159-60; *cf. State v. Bell*, 69 S.W.3d 171 (Tenn. 2002) (reversing and remanding the case to district attorney general for further consideration of all relevant factors because district attorney general failed to consider and weigh substantial evidence favorable to the defendant, unlike instant case in which district attorney general considered all relevant criteria but based denial on improperly applied factors).

_____
JAMES CURWOOD WITT, JR., JUDGE