# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### May 13, 2008 Session

## STATE OF TENNESSEE v. GORDON McGEE, JR.

### Appeal from the Criminal Court for Warren County
### No.  F-10956     Don Ash, Judge

---

### No. M2007-01883-CCA-R3-CD - Filed September 12, 2008

---

The defendant, Gordon McGee, Jr., was indicted by the Warren County grand jury for simple assault, a Class A misdemeanor, and applied for pretrial diversion.  The state denied the application and the defendant sought certiorari review by the trial court.  Following an evidentiary hearing, the trial court granted certiorari and ordered the state to enter into a memorandum of understanding granting pretrial diversion to the defendant.  The state appeals as of right the order of the trial court. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P.  3 Appeal as of Right;  Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, and J. C. MCLIN, JJ., joined.

Robert E. Cooper, Jr., Attorney General & Reporter; Clarence E. Lutz, Assistant Attorney General; Lisa S. Zavogiannis, District Attorney General; and Mark E. Tribble, Assistant District Attorney General, attorneys for appellant, State of Tennessee.

Ricky L. Stacy, McMinnville, Tennessee, attorney for appellee, Gordon McGee, Jr.

## OPINION

In January 2007, the Warren County grand jury indicted the defendant for simple assault for his conduct during an altercation with Patti Davis and Steve Ray, owners of the Furniture Depot in McMinnville.  On October 3, 2006, the defendant and his wife got into an argument with Davis and Ray regarding their use of parking spaces in front of the victims' business.  The defendant contacted his father in order to telephone the owner of the property regarding the use of the parking spaces, but instead his father arrived at the furniture store and an altercation ensued between the defendant, his father and the victims.  During the altercation, both the defendant and his father struck Ray.  The altercation culminated with the defendant's father pointing a pistol at Ray's head.  Fortunately, Davis

had telephoned 911 and McMinnville Police Department Officer Chris Hutchins arrived to disarm the defendant's father before any further violence ensued.[1]

On May 14, 2007, the defendant filed an application for pretrial diversion. After consideration, the application was denied on June 15, 2007. The defendant sought certiorari review of the denial with the trial court on June 20, 2007. After a full hearing and supplementation of both the defendant's application for pretrial diversion and the state's denial of the application, the trial court concluded that the state had abused its discretion by relying upon improper considerations in denying the defendant's application for pretrial diversion. The trial court further ordered the state to enter into a memorandum of understanding granting the defendant's application. On appeal, the state contends that the trial court erroneously considered additional evidence when evaluating the denial of pretrial diversion and that the trial court does not have the authority to order the state to enter into a memorandum of understanding with the defendant. Following our review, we affirm the decision of the trial court.

ANALYSIS

Tennessee Code Annotated section 40-15-105(a)(1)(A) provides that a qualified defendant may enter into a memorandum of understanding with the state to divert prosecution of a case for a period of time not to exceed two years. A qualified defendant is one who has not been previously granted pretrial diversion and who has no prior misdemeanor convictions requiring the service of a sentence in confinement or no prior felony convictions. Id. at (a)(1)(B)(i)(a)-(b). Furthermore, the offense for which pretrial diversion is sought cannot be a Class A felony, a Class B felony, a Class C felony sexual offense, driving under the influence, or vehicular assault. Id. at (c). During the diversion period, the defendant is required to follow certain conditions in order to successfully complete the diversion period. Id. at (a)(2). Upon successful completion of the diversion period, the charge against the defendant is dismissed with prejudice. Id. at (e).

A qualified defendant, although statutorily eligible, is not presumed to be entitled to pretrial diversion. State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999). The determination of whether to grant pretrial diversion lies within the discretion of the state. Id. (citing State v. Pinkham, 955 S.W.2d 956 (Tenn. 1997)). The defendant bears the burden of establishing suitability for pretrial diversion. Id. In considering an application for pretrial diversion, the state should examine the defendant's amenability to correction and the likelihood that the defendant may re-offend. Pinkham, 955 S.W.2d at 959-60. As part of this examination, the state should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history, the defendant's physical and mental condition, and "the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant." State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983).

---

[1] In addition to a charge of simple assault, the defendant's father was also indicted for two counts of aggravated assault and simple drug possession for offenses related to these events.

The state's response to an application for pretrial diversion must be in writing and must identify any factual disputes between the state's evidence and the application filed by the defendant. Curry, 988 S.W.2d at 157. If the application is denied, the defendant may appeal by petitioning the trial court for a writ of certiorari. Tenn. Code Ann. § 40-15-105(b)(3). The evidence considered by the trial court is limited to that considered by the state and the trial court may not hear any additional evidence that was not considered by the state in its evaluation of the application for diversion. Curry, 988 S.W.2d at 157-158; State v. Winsett, 882 S.W.2d 806, 810 (Tenn. Crim. App. 1993); Pinkham, 955 S.W.2d at 960.

The state's decision to deny an application for pretrial diversion is presumptively correct and will not be overturned by the trial court absent an abuse of discretion. In order to find an abuse of discretion, the trial court must conclude that no substantial evidence exists to support the state's refusal to enter into a memorandum of understanding. Our review on appeal is limited to whether the trial court's decision is supported by a preponderance of the evidence. Curry, 988 S.W.2d at 158 (citing Pinkham, 955 S.W.2d at 960).

The defendant's application for pretrial diversion details his educational background which includes a bachelor of science degree from Middle Tennessee State University and some additional graduate work at the University of Tennessee. The defendant's employment history reflects a steady employment since graduating from college. At the time of his application, the defendant was thirty-nine years old and married nineteen years with two young children. The application lists the defendant's membership in numerous professional and community organizations in the Warren County area. The criminal history shows no prior arrests of any kind. Regarding the circumstances of the offense, the defendant attached his statement to the police given the day of his arrest. This statement contains several facts in dispute of the state's version of events relative to the altercation with the victims and their participation in escalating the argument, as well as who first became physically confrontational. Additionally, the defendant attached forty-seven letters of reference to the application from individuals vouching for the defendant's character and position in the community.

In denying the application for diversion, the state gave little weight to the defendant's age and family status. The letter of denial also states that the state gave "average weight" to this offense being the defendant's first incident of criminal conduct. The state gave considerable weight, however, to the defendant's educational background and social standing in the community. The state insisted that these considerations weighed against the granting of diversion, contrary what one would normally conclude. The denial letter also stressed considerable concern over the use of deadly force and weapons in the incident. The letter indicates that the state gave "immense weight" to the defendant's failure to give an independent recitation of facts regarding the offense and expressed concern over the defendant's lack of remorse for the incident. The letter of denial notably includes an account of a verbal altercation that occurred prior to the offense between the victims and the defendant's wife – an incident in which the defendant was not present or a party.

On June 22, 2007, the trial court held an initial hearing to review the denial of the defendant's application for diversion. The state expressed concern over the lack of an independent recitation of facts, expression of remorse or an assurance that the defendant would handle conflict differently in the future. The trial court agreed with the state's concerns and stated that it would "reschedule this motion [for certiorari] . . . [to] give [the defendant] the opportunity to file a supplement as [the state] has asked you to do."

As requested by the state, the defendant filed a supplement to his application for pretrial diversion which pointed out that the initial application included an independent recitation of facts. Additionally, the supplemented application included an expression of remorse on the part of the defendant and stated that, although he was properly licensed to carry a handgun, he had voluntarily relinquished his carrying permit after being charged in this case.

The state filed a second letter of denial that acknowledged the independent recitation of facts made by the defendant but stated that the factual dispute that the victim may have "chest bumped" the defendant, sparking the physical confrontation, "seems to be of little consequence" in comparison to the actions of the defendant and his father during the altercation. Once again, the state voiced "considerable concern" over the defendant's "significant social standing." The state stressed the severity of the defendant's behavior in initiating such "juvenile behavior" and stated the need to deter others from resorting to such actions to resolve personal conflicts. Significantly, the second letter of denial recounts that "[t]he State is disturbed and places an immense amount of weight on the fact that in the Defendant's Initial Request for Diversion, he makes no independent recitation of the facts of the offense under item number 32, and expresses no remorse whatsoever for the confrontation." The second letter of denial indicates further that the state placed moderate weight on the defendant's "prompted response" to the "Court's encouragement" to supplement the initial application. The second letter of denial concludes with the statement that "the State is convinced that the Defendant is not amenable to correction, nor that the public interest and the ends of justice would be well served by granting diversion under the facts and circumstances of this case."

At the July 18, 2007 hearing, the trial court heard further arguments of counsel. At the hearing, the state relied upon its pleadings. The defendant argued that the state had abused its discretion by "imposing a higher standard of conduct" upon the defendant due to his status as a member of the Warren County School Board. The state argued that it understood that the defendant should not be held to a higher standard of conduct; but, nevertheless, because the defendant was a public official, the case had garnered a lot of publicity and the need for deterrence supported the denial of diversion. The trial court held that the state abused its discretion in denying the defendant pretrial diversion, stating that "in fact [the state] relied too heavily on the fact that [the defendant] was a school board member, especially when he was acting outside of that."[2] Following the hearing,

---

[2] Notably, the defendant's father was also denied his application for pretrial diversion and sought certiorari review of the state's decision. At the same hearing, the trial court denied relief to the defendant's father, finding no abuse of discretion.

the trial court filed a written finding overturning the state's denial of pretrial diversion and ordering the state to enter into a memorandum of understanding with the defendant.

Initially, we will address the state's complaint that the trial court should not have allowed supplementation of the pleadings. Our review of the record reveals that the state voiced concerns at the initial hearing and that the trial court, upon request of the state, allowed supplementation. While we acknowledge that the trial court is generally precluded from hearing additional proof when evaluating a denial of pretrial diversion, we decline to fault the court when it reserves ruling to allow supplementation at the request and acquiescence of the state.

Relative to the substantive issue of whether the state abused its discretion in denying the application for pretrial diversion, we find guidance in this court's opinion in State v. Lane, 56 S.W.3d 20 (Tenn. Crim. App. 2000). In Lane, the defendant, a municipal firefighter, was charged with aggravated perjury in relation to events surrounding a hearing on a violation of a no contact order arising from a domestic dispute with his wife. The defendant applied for pretrial diversion and the state denied the application citing as one basis the defendant's status as a public employee. This court held that "off-duty acts that are unrelated to [a] defendant's duties of public employment are not a proper basis for imposing a higher standard of conduct and thereby justifying a denial of pretrial diversion." Lane, 56 S.W.3d at 27. Furthermore, as in Lane, we note that the state's dispute and characterization of the defendant's recitation of facts and expression of remorse in this case reflects that the state in this case "essentially required that the defendant admit guilt as a prerequisite to favorable consideration for pretrial diversion. Our law does not allow this." Id. at 29. Therefore, we conclude that the evidence does not preponderate against the trial court's judgment in this case. Furthermore, contrary to the state's assertion on appeal, the trial court correctly ordered the state to enter into a memorandum of understanding with the defendant granting pretrial diversion. Tenn. Code Ann. § 40-15-105(b)(3) (upon finding an abuse of discretion, "the trial court may order the prosecuting attorney to place the defendant in a diversion status on such terms and conditions as the trial court may order"); Curry, 988 S.W.2d at 159-60; Lane, 56 S.W.3d at 29.

CONCLUSION

The evidence does not preponderate against the trial court's finding that the state abused its discretion in denying pretrial diversion to the defendant. The trial court correctly ordered the state to enter into a memorandum of understanding with the defendant. Therefore, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-5-