IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

FILED

November 17, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | FOR PUBLICATION |
| | ) | |
| | ) | FILED: NOVEMBER 17, 1997 |
| Appellee | ) | |
| | ) | SHELBY COUNTY |
| v. | ) | |
| | ) | HON. JULIAN P. GUINN, |
| CHARLES A. PINKHAM, JR. | ) | JUDGE |
| | ) | |
| Appellant | ) | NO. 02-S-01-9611-CR-00096 |

For Appellant:_____     For Appellee:

LARRY RICE                         JOHN KNOX WALKUP
Memphis, TN                        Attorney General and Reporter

                                   MICHAEL E. MOORE
                                   Solicitor General

                                   ELIZABETH T. RYAN
                                   Assistant Attorney General
                                   Nashville, TN

                                   JUDSON W. PHILLIPS
                                   LEE V. COFFEE
                                   Assistant District Attorneys
                                     General
                                   Memphis, TN

OPINION

AFFIRMED                                                    BIRCH, J.

We granted the application for permission to appeal filed by Charles A. Pinkham, Jr., in order to determine the extent to which the district attorney general must disclose on the record the evidence relied upon to reject an application for pretrial diversion.[1]

We find that the district attorney general has a duty to include in the record the factual basis and rationale for denying diversion. If, in petitioning the trial court for review of the diversion decision, the petitioner contests the facts upon which the district attorney general relied, then the trial court should hold an evidentiary hearing to resolve the factual dispute. The trial court should not consider any evidence shown to be materially false or obtained in violation of constitutional rights as it determines whether the district attorney general abused his or her discretion in rejecting the pretrial diversion application.

In the case under submission, Pinkham did not challenge the evidence relied upon by the district attorney general. Rather, he contended that a portion of it was irrelevant, remote, and unreliable. Our review of this evidence leads us to conclude that the district attorney general did not abuse his discretion in

---

[1]Tenn. Code Ann. § 40-15-101 et seq. (1991).

2

denying pretrial diversion.  For the reasons herein stated, the judgment of the Court of Criminal Appeals is affirmed.

I

The record establishes that Pinkham, at the time not licensed to practice law in any jurisdiction, prepared and supervised the execution of the will of Hilda Bratton.  After Bratton's death, proceedings to contest the will were initiated.  Because the will had not been properly attested, Bratton's estate passed according to the law of intestacy, and the intended beneficiaries received approximately $90,000 less than they would have received had the will been admitted to probate.  During the will contest, Pinkham was asked by the trial court if he was an attorney licensed to practice in Tennessee.  Pinkham responded that he was so licensed; this response was untrue.

Subsequently, Pinkham was indicted for falsely representing himself as a lawyer,[2] impersonating a licensed professional,[3] and aggravated perjury.[4]  As permitted by Tenn. Code Ann. § 40-15-101 et seq. (1991), Pinkham applied to the district attorney general for pretrial diversion.

---

[2]Tenn. Code Ann. § 23-3-108 (1994), a Class E felony.

[3]Tenn. Code Ann. § 39-16-301 (1991), a Class B misdemeanor.

[4]Tenn. Code Ann. § 39-16-703 (1991), a Class D felony.

His application shows that Pinkham is the fifty-five-year-old married father of two. As a youth, he attained the Eagle rank in scouting, excelled in athletics, and served as a president of the student body of his high school. He attended the University of California and graduated with a degree in business. He then entered law school at Golden Gate University and graduated as one of the top students of his class. Pinkham was admitted to the practice of law in California.

Pinkham states that in 1983 he became addicted to alcohol. This disease, he says, caused him to neglect his law practice. In 1986, he surrendered his California law license and was admitted to a ten-week inpatient rehabilitation program. Upon release from this program, Pinkham and his family relocated to Memphis, where he obtained employment as a financial planner.

Pinkham's application is replete with letters of support from individuals in the community. It is clear that he has devoted substantial time and energy to his church and the community.

After considering Pinkham's application, the district attorney general rejected his application for pretrial diversion and gave the following explanation:

> A. The circumstances of the case indicate that the defendant engaged in a systematic and continuing criminal activity. . . .
>
> . . . .
>
> Having engaged in the unauthorized practice of law, Mr. Pinkham

4

compounded [the] original criminal behavior by lying under oath when questioned by Judge Southern--some ten months later . . . . In addition to committing three (3) separate offenses for which he is indicted, Mr. Pinkham has a fourth uncharged offense in which he contracted to prepare another Will for a Charles E. Shartle on March 23, 1993.

B. The magnitude of the losses suffered by the victim mandate against Mr. Pinkham's application for diversion. . . . The actual or/and potential amounts of restitution are so enormous that pre-trial diversion is not only inappropriate but also impractical.

C. I believe further that Mr. Pinkham is not a suitable candidate for pre-trial diversion because Mr. Pinkham, unfortunately, has a history of dishonesty and unethical behavior. Mr. Pinkham voluntarily resigned from the California Bar on December 31, 1986, while a disciplinary proceeding was pending to disbar Mr. Pinkham. The State of California alleged that Mr. Pinkham: engaged in professional misconduct; violated his oath and duties as an attorney; misappropriated or converted client funds; abandoned his clients; and/or committed acts involving moral turpitude, dishonesty and/or corruption. Having voluntarily surrendered his California law license, Mr. Pinkham engaged in the criminal and egregious conduct which led to his current indictments. . . . Lastly, Mr. Pinkham continued to demonstrate an inability or unwillingness to tell the truth when he spoke with an investigator with the Attorney General's office on November 23, 1993. . . .

D. There is an overwhelming need for deterrence in this case. . . . We must deter individuals from unlawfully engaging in the unauthorized practice of law. If

5

this defendant were placed on diversion, other citizens may be encouraged to practice law without a license. Other individuals may receive a false message that, if detected engaging in the practice of law without a license, the punishment is minimal. We cannot send a message to this community that a defendant will not be punished if that defendant has the financial wherewithal to "buy his way out of trouble." We shall not send a message that the Attorney General condones a defendant's intentionally lying to a Judge . . . .

In making this decision to reject the defendant's diversion application, I have considered that Mr. Pinkham is a 50 year old man with no criminal record. I have considered his exemplary social history. I have considered that Mr. Pinkham appears to be a leader in his community, as evidenced by the character and reference letters from lawyers, teachers, professors, ministers, doctors, et al. I have considered all of the parameters of Mr. Pinkham's social, family, personal, educational and professional background.

I have weighed all those factors in deciding whether the interests of justice would be served best by placing Mr. Pinkham on diversion. I have concluded that the interests of the public substantially outweigh the interests of the defendant. Since Mr. Pinkham is a highly educated person who holds a law degree, Mr. Pinkham knew that his conduct was unlawful and unethical. Unquestionably, Mr. Pinkham made a deliberate choice to violate the law. Having violated the criminal laws of the State of Tennessee, Mr. Pinkham made an unconscionable decision to engage in a continual pattern of deception and dishonesty. Mr. Pinkham deliberately chose to engage in systematic and continual pattern of criminal activity . . . .

6

Sadly, Mr. Pinkham's actions
demonstrate a continuation of the
unethical, unprofessional and
illegal conduct which caused him to
lose his California Law license.

After considering and weighing all
the factors enumerated above, I must
deny the application for diversion
of Charles A. Pinkham, Jr. . . .

II

The decision to grant or deny pretrial diversion is a
discretionary one that lies with the district attorney general.
Pace v. State, 566 S.W.2d 861, 864 (Tenn. 1978). The district
attorney general must consider all relevant factors in making his
or her decision. State v. Carr, 861 S.W.2d 850, 855 (Tenn. Crim.
App. 1993). In Hammersley, we outlined these factors:

When deciding whether to enter into
a memorandum of understanding under
the pretrial diversion statute a
prosecutor should focus on the
defendant's amenability to
correction. Any factors which tend
to accurately reflect whether a
particular defendant will or will
not become a repeat offender should
be considered. Such factors must,
of course, be clearly articulable
and stated in the record in order
that meaningful appellate review may
be had. Among the factors to be
considered in addition to the
circumstances of the offense are the
defendant's criminal record, social
history, the physical and mental
condition of a defendant where
appropriate, and the likelihood that
pretrial diversion will serve the
ends of justice and the best
interest of both the public and the
defendant.

7

State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983).  If the district attorney general denies pretrial diversion, that denial must be written and must include both an enumeration of the evidence that was considered and a discussion of the factors considered and weight accorded each.  State v. Winsett, 882 S.W.2d 806, 810 (Tenn. Crim. App. 1993).  In addition, the district attorney general should identify any factual disputes between the evidence relied upon and the petitioner's application.  Id.

Upon denial of pretrial diversion by the district attorney general, the petitioner may petition the trial court for a writ of certiorari and review of the district attorney general's decision.  In petitioning the trial court for review, the petitioner should identify any part of the district attorney general's factual basis he or she elects to contest.  We would expect such contests to be limited to matters that are materially false or based on evidence obtained in violation of the petitioner's constitutional rights.  If there be a factual dispute, the trial court should conduct an evidentiary hearing and resolve the dispute before determining whether the district attorney general abused his or her discretion in denying pretrial diversion.  See id.  The action of the district attorney general is presumptively correct, and it is subject to review by the trial court only for an abuse of discretion.  Hammersley, 650 S.W.2d at 356; Pace, 566 S.W.2d at 870.  As we stated in Hammersley, "[t]he record must show an absence of any substantial evidence to support the refusal of the District Attorney General to enter into a

8

memorandum of understanding before a reviewing court can find an abuse of discretion." Id.

III

On appeal, we review to determine whether the trial court's decision is supported by a preponderance of the evidence. State v. Houston, 900 S.W.2d 712, 715 (Tenn. Crim. App. 1995).

Pinkham principally contends that we should require a district attorney general to include in the record all the evidence relied upon to deny diversion, specifically in this case, evidence of the circumstances of Pinkham's surrender of his California license and the related uncharged offense(s). We discern, however, nothing in the statute or in our prior cases to support such a requirement. Rather, the district attorney general is simply required to identify the factual basis and rationale for the decision to deny pretrial diversion. See Winsett, 882 S.W.2d at 810; Hammersley, 650 S.W.2d at 355. Moreover, a requirement such as Pinkham suggests would be unduly burdensome and likely unnecessary. For example, the information about the surrender of the California license could well have come from a confidential source. Certainly, the district attorney general may elect to include such information in the record that is transmitted to the trial court. Such information may assist the trial court and could conceivably make an evidentiary hearing unnecessary. We decline,

9

however, to require this. All that is required is that the information be sufficiently detailed in the denial letter, so the petitioner can ascertain the existence of a factual dispute.

Because Pinkham did not dispute the factual basis for the district attorney general's decision, there was no pressing need for the trial court to hold an evidentiary hearing. Rather, the trial court could have considered the matter on the record, presumably comprised of the indictment, the petition, and the response of the district attorney general. Further, we find that the district attorney general properly considered the circumstances surrounding the surrender of Pinkham's California license and the uncharged offense(s) in evaluating Pinkham's application for pretrial diversion. This information is relevant to and probative of the petitioner's amenability to correction, his risk to re-offend, and whether pretrial diversion is in the best interests of the public. It was certainly no more remote than Pinkham's recitation of his youthful accomplishments and no less reliable than the letters of support attached to his application.

We have carefully reviewed the district attorney general's letter denying Pinkham pretrial diversion. In it he clearly identified the information upon which he relied. Moreover, he extensively discussed the factors he considered, the weight accorded to each, and his conclusion. The district attorney general's procedure fulfilled the requirements of Hammersley and Winsett.

In our view, the trial court's decision upholding the district attorney general's rejection of Pinkham's application for pretrial diversion is supported by a preponderance of the evidence in the record. It follows that the judgment of the Court of Criminal Appeals is affirmed. Costs of this appeal are taxed to the appellant for which execution may issue, if necessary.

_____
ADOLPHO A. BIRCH, JR., Justice

CONCUR:

Anderson, C.J.
Drowota, Reid, Holder, JJ.