# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### September 5, 2001 Session

## STATE OF TENNESSEE v. JOHNNIE BELL, JR.

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Sullivan County**
**No. S41906     Phyllis H. Miller, Judge**

---

**No. E1999-00819-SC-S09-CD - Filed January 28, 2002**

---

JANICE M. HOLDER, J., dissenting.


For the reasons articulated in my dissent in State v. Curry, 988 S.W.2d 153 (Tenn. 1999), I disagree with the majority's holding in this case. Pretrial diversion is a largess and not a right. The pretrial diversion statute does not enumerate specific criteria that a district attorney general must use when making pretrial diversion determinations. See Tenn. Code Ann. § 40-15-105. The legislature apparently recognized the extraordinary relief provided by the pretrial diversion statute and intended to provide a district attorney general substantial discretion in making pretrial diversion decisions. This Court, however, has imposed restrictions on the district attorney general's discretion by requiring specific, on-the-record consideration of judicially-created factors. See Curry, 988 S.W.2d at 157; State v. Pinkham, 955 S.W.2d 956, 959 (Tenn. 1997); State v. Herron, 767 S.W.2d 151, 155 (Tenn. 1989); State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983). Under the majority's analysis, failure by the district attorney general to reference each of the judicially-created factors amounts to an abuse of discretion regardless of the district attorney general's articulation of substantial evidence supporting the denial. The majority's position is contrary to our prior decisions holding that a reviewing court may find an abuse of discretion in the district attorney general's denial of pretrial diversion only if the record shows an absence of any substantial evidence supporting the district attorney general's decision. See, e.g., Pinkham, 955 S.W.2d at 960; Hammersley, 650 S.W.2d at 356. I cannot agree with a procedure so contrary to legislative intent and judicial fairness.

The particular facts in this case illustrate my point. The defendant, Johnnie Bell, Jr., was charged with vehicular homicide and aggravated assault. The charges arose out of a fatal automobile accident caused by Bell's following a car too closely while driving a tractor trailer. In his letter, the district attorney general explained his reasons for denying Bell's application for pretrial diversion: 1) Bell took no responsibility for his actions and blamed the victim for the accident; 2) Bell has two prior speeding tickets and a conviction for following too closely; 3) Bell's actions endangered several motorists other than the victim; 4) Bell has an unstable work history as a truck driver; 5) Bell should have reasonably known of his vehicle's potential for deadly force; and 6) the growing

problem of fatalities caused by large trucks should be deterred. These reasons cited by the district attorney general constitute substantial evidence sufficient to support the denial of pretrial diversion. See State v. Lutry, 938 S.W.2d 431, 433-435 (Tenn. Crim. App. 1996) (nature and circumstances of the crime, defendant's post-arrest behavior, and general deterrence are sufficient factors to support denial of pretrial diversion). The district attorney general's letter denying pretrial diversion sufficiently addressed the factors adopted by this Court for deciding whether to enter into a memorandum of understanding under the pretrial diversion statute. See Pinkham, 955 S.W.2d at 959-60 (factors to be considered are circumstances of the offense, the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant).

I would hold that the district attorney general did not abuse his discretion merely by failing to specifically address in his letter the non-statutory criteria that Bell was honorably discharged from the United States Army, had a stable marriage of thirteen years, earned his high school diploma, and had no history of drug or alcohol abuse. These considerations, while relevant, do not render the district attorney general's decision unsubstantiated. The majority's holding promotes form over substance, and I continue to disagree with the precedent set by the Curry decision. Accordingly, I would hold that the district attorney general did not abuse his discretion by denying pretrial diversion in this case. The trial court's judgment that substantial evidence supported the district attorney general's denial of pretrial diversion should be affirmed.

_____
JANICE M. HOLDER, JUSTICE