IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
December 2, 2008 Session

## STATE OF TENNESSEE v. BRIAN DAVID THOMASON

**Appeal from the Circuit Court for Gibson County**
**No. 17750     Clayburn Peeples, Judge**

---

**No. W2007-02910-CCA-R9-CD  - Filed September 22, 2009**

---

Pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, the Defendant-Appellant, Brian David Thomason ("Thomason"), appeals from the denial of his application for pretrial diversion to the Gibson County District Attorney General's office, which was upheld by the trial court.  Upon review of the record and applicable authority, we reverse the judgment of the trial court and remand this matter to the trial court to grant Thomason pretrial diversion under such terms and conditions as are deemed appropriate under all circumstances.

**Tenn. R. App. P. 9 Appeal as of Right; Appeal of the Circuit Court**
**Reversed and Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. C. MCLIN, JJ., joined.

Mark L. Agee, Trenton, Tennessee, for the defendant-appellant, Brian David Thomason.

Robert E. Cooper, Jr., Attorney General and Reporter;  David H. Findley, Assistant Attorney General; Garry G. Brown, District Attorney General; and Harold E. Dorsey, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

**Facts**.  As the foreman for the Gibson County garage, Thomason supervised inmate "trustees" who were employed at the garage and maintained the county's vehicle fleet.  Although Thomason had no official duty to act as a law enforcement officer over trustees at the garage, he "[told trustees] who to change tires and change the oil and that kind of thing."  On December 19, 2006, the West Tennessee Drug Task Force conducted a reverse sting operation in which an undercover officer sold Hydrocodone to one of the trustees.  Within five minutes of the sale, eight Hydrocodone pills were found in Thomason's pocket, which he later admitted to obtaining from the trustee.  Thomason was indicted for conspiracy to introduce contraband into a penal facility, a Class C felony, and possession of a schedule II controlled substance, a Class A misdemeanor.

Thomason applied for pretrial diversion with the Gibson County District Attorney General's office which was denied. In his denial of diversion, the prosecutor stated, among other things, that diversion in this case was not proper because Thomason abused a position of public trust. The trial court granted Thomason's writ of certiorari, conducted a hearing to determine if Thomason held a position of public trust, and denied pretrial diversion finding that the prosecutor did not abuse his discretion. Thomason was later granted an interlocutory appeal to this court.

**Denial of Pretrial Diversion**. Thomason argues that the trial court erred in upholding the prosecutor's denial of pretrial diversion because "it was based exclusively on the fact that Thomason was in a position of public trust." In response, the State argues that the trial court did not err in upholding the prosecutors denial of pretrial diversion because (1) the record established that the appellant abused his position of trust, (2) the record does not show an absence of any substantial evidence to support the denial of diversion, and (3) the facts of the case show a crime of "sustained intent" which is not appropriate for diversion.

Tennessee Code Annotated section 40-15-105(a)(1) allows a district attorney general to suspend prosecution of an eligible defendant for a period of up to two years. A qualified defendant is one who has not been previously granted pretrial diversion and who has no prior misdemeanor convictions requiring the service of a sentence of confinement, or no other felony convictions. T.C.A. § 40-15-105(a)(1)(B)(i)(a)-(b). In addition, the offense for which a defendant seeks pretrial diversion cannot be a Class A or Class B felony, a Class C felony pertaining to a sexual offense, driving under the influence, or vehicular assault. Id. In order to be granted diversion, a defendant must agree to complete certain conditions for the duration of the diversion period. Id. Upon completion of pretrial diversion, the charges against the defendant shall be dismissed with prejudice. Id.

Although statutorily eligible, a qualified defendant is not presumed to be entitled to pretrial diversion. State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999). The decision to grant or deny pretrial diversion lies within the discretion of the district attorney general. T.C.A. § 40-15-105(b)(3); State v. Pinkham, 955 S.W.2d 956 (Tenn. 1997). The defendant seeking pretrial diversion has the responsibility to establish the suitability of pretrial diversion. Id.

The following relevant factors must be considered by the prosecutor when determining whether to grant or deny pretrial diversion: (1) the defendant's amenability to correction; (2) the defendant's propensity to re-offend; (3) the defendant's criminal record; (4) the defendant's social and family history; (5) where appropriate, the defendant's physical and mental condition; (6) the deterrent effect that prosecution might have on the defendant and others; and (7) whether pretrial diversion will serve the best interests of the public and the defendant. Pinkham, 955 S.W.2d at 956-60; State v. Hammersly, 650 S.W.2d 352, 355 (Tenn. 1983). Additionally, the following factors and circumstances may also be considered to determine if pretrial diversion is warranted: the circumstances of the offense, the defendant's attitude and behavior since arrest, the defendant's home environment, current drug use, emotional stability, the defendant's employment history, the defendant's general reputation, marital stability, family responsibility, and attitude toward law enforcement. State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993) (citations omitted). "If the district attorney general denies pretrial diversion, that denial must be written and must include both

an enumeration of the evidence that was considered and a discussion of the factors considered and weight accorded each." Id. (citing State v. Winsett, 882 S.W.2d 806, 810 (Tenn. Crim. App.1993)). Finally, the district attorney general must supply a factual basis and rationale stating why pretrial diversion was denied. Pinkham, 955 S.W.2d at 960.

If the application for pretrial diversion is denied, the defendant may seek a writ of certiorari in the trial court. T.C.A. § 40-15-105(b)(3). The prosecutor's decision to deny pretrial diversion is presumptively correct and is subject to review by a trial court for an abuse of discretion. Hammersly, 650 S.W.2d at 356. To determine whether the prosecutor has abused his discretion, the trial court must consider all the relevant factors and whether there is substantial evidence to support the prosecutor's findings regarding a denial of pretrial diversion. State v. Yancey, 69 S.W.3d 553, 557-58 (Tenn. 2002).

Upon review of the writ of certiorari, the trial court must: (1) limit its consideration to the evidence which was before the prosecutor and the reasons given by the prosecutor in denying diversion; (2) conduct a hearing only to resolve any factual disputes raised by the prosecutor or the defendant concerning the petition but not to hear additional evidence; (3) adhere to the same case-by-case balancing procedure that is imposed upon the prosecutor; and (4) state its findings in writing. State v. Oakes, 269 S.W.3d 574, 578 (Tenn. Crim. App. 2006) (internal citations omitted).

On appeal, our review is confined to determining whether the trial court's determination is supported by a preponderance of the evidence. Curry, 988 S.W.2d at 158; State v. Houston, 900 S.W.2d 712, 715 (Tenn. Crim. App. 1995).

Upon review of the prosecutors written denial, we conclude that he did not consider all of the relevant factors that must be considered in determining whether to grant or deny pretrial diversion. The six paragraph denial of diversion filed by the district attorney, provided the following:

1. [Circumstances of the Offense].

2. Defendant has no criminal history
.

3. Defendant has an average social and family history and there does not seem to be any factors that warrant granting him diversion. It does not appear that he has any type of professional license that would be in jeopardy or any dependants that would be neglected if he were convicted of a felony and required to serve jail time.

4. Defendant states on his application that he has no mental or physical problems except for chronic back pain. There is nothing to indicate that he did not appreciate the wrongfulness of his act or that he does not have the ability to stand trial.
5. Defendant was given responsibility in this case for the custodial supervision of county prisoners. He simply violated public trust to satisfy his need or addiction. To place him on diversion after such an egregious act would erode public confidence in the judicial system.

6. It certainly appears that the ends of justice would not be served by allowing a defendant who exploited his position of trust to illegally obtain drugs to go unpunished.

Here, we acknowledge that the prosecutor considered some of the above enumerated factors which are required for determining whether pretrial diversion is appropriate. However, the prosecutor did not consider Thomason's amenability to correction or his propensity to re-offend. More importantly, the prosecutor did not discuss the weight attributed to each of the enumerated factors listed in the written denial of pretrial diversion. A denial of pretrial diversion must include "an enumeration of the evidence that was considered and a discussion of the factors considered and weight accorded to each." Pinkham, 955 S.W.2d at 960. Our supreme court has also explained that when "determining whether to grant pretrial diversion, the district attorney general 'has a duty to exercise his or her discretion by focusing on a defendant's amenability for correction and by considering all of the relevant factors, including evidence that is favorable to a defendant.' Any factors tending to reflect accurately upon whether the applying defendant will or will not become a repeat offender should be considered." State v. McKim, 215 S.W.3d 781, 786 (citing State v. Bell, 69 S.W.3d 171, 178 and Hammersley, 650 S.W.2d at 355). Based on this record, we conclude that the district attorney general's failure to consider all of the essential factors applicable to pretrial diversion and his failure to discuss the weight accorded to each factor amounted to an abuse of discretion.

In its brief, the State concedes that the prosecutor "relied heavily, if not exclusively, on the circumstances of the offense." Rather, the State contends that the prosecutor properly relied on the need for deterrence and the circumstances of the offense in its denial of pretrial diversion. However, "the circumstances of the offense and the need for deterrence may alone justify a denial of diversion, but only if all the relevant factors have been considered as well." Curry, 988 S.W.2d at 158 (emphasis in original). The need for deterrence and the circumstances of the offense are merely two among many factors that may be considered. "[T]hey cannot be given controlling weight unless they are 'of such overwhelming significance that they [necessarily] outweigh all other factors.'" State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993) (quoting State v. Markham, 755 S.W.2d 850, 853 (Tenn. Crim. App. 1988)). As previously observed, the prosecutor did not consider all of the relevant factors or provide any discussion on the weight given to each factor considered. The prosecutor also failed to discuss why factors in favor of diversion were substantially outweighed by the circumstances of the offense and the need for deterrence; therefore, necessarily providing controlling weight in denying pretrial diversion. Accordingly, the State's arguments are without merit.

In regard to the trial court's determination, the record shows that the trial court conducted a hearing to allow Thomason to dispute that he was a public official or abused a position of public trust. In denying Thomason relief, the trial court orally found, without elaboration, that the prosecutor did not abuse his discretion. The trial court's written order does not consider the factors in support of diversion, the weight accorded to those factors, or address the deficiencies in the prosecutor's response to the diversion application. See Oakes, 269 S.W.3d at 579-80. Accordingly, we conclude that both the trial court's and the prosecutor's determinations are not supported by the record, and the trial court's order should be vacated. We further remand this matter to the trial court

to grant pretrial diversion under such terms and conditions as are deemed appropriate.  See State v. Michael Harley Smith, No. E1999-02722-CCA-R9-CD,  2001 WL 5045 at * 5 (Tenn. Crim. App., at Knoxville, Jan. 2, 2001).

**Conclusion**.  Based on the foregoing, we reverse and vacate the judgment of the trial court. We further remand this matter to the trial court to grant pretrial diversion under such terms and conditions as are deemed appropriate under all circumstances.

_____
CAMILLE R. McMULLEN, JUDGE