IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
July 9, 2013 Session

**STATE OF TENNESSEE v. MARK WEATHERLY**

**Appeal from the Criminal Court for Shelby County**
**No. 09-06382    Lee V. Coffee, Judge**

---

**No. W2012-01499-CCA-R9-CD  -  Filed January 15, 2014**

---

Appellant, Mark Weatherly, was indicted by the Shelby County Grand Jury for vehicular homicide and two counts of aggravated assault. The jury acquitted Appellant of vehicular homicide and was unable to reach a verdict on the lesser included offense of reckless homicide and the other charged offense of aggravated assault. The trial court declared a mistrial with regard to these offenses. Appellant's request for pretrial diversion was denied by the prosecutor. Appellant filed a writ of certiorari with the trial court. The trial court granted Appellant's writ of certiorari and concluded that the assistant district attorney general had abused his discretion and ordered the prosecutor to enter into a memorandum of understanding that placed Appellant on pretrial diversion. This Court granted the State's application for interlocutory appeal. After a thorough review of the record, we find that the trial court's decision is supported by a preponderance of the evidence and affirm.

**Tenn. R. App. P. 9 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Amy P. Weirich, District Attorney General, and Garland Erguden, Assistant District Attorney General, for the appellant, State of Tennessee.

Thomas E. Hansom, Memphis, Tennessee for the appellee, Mark Weatherly.

# OPINION

On March 29, 2009, Appellant, who was a Memphis Police Officer, was on patrol. As his shift ended, he proceeded down Rangeline Road in his patrol car with his partner at a speed in excess of the posted speed limit. Appellant subsequently struck a car entering Rangeline Road, killing the driver and seriously injuring the passenger.

On October 8, 2009, Appellant was indicted by the Shelby County Grand Jury for vehicular homicide and two counts of aggravated assault. The trial was held in 2011. On August 21, 2011, the jury acquitted Appellant of vehicular homicide but reported that it was unable to reach a verdict on the lesser included offense of reckless homicide and the remaining charges of aggravated assault. The trial court declared a mistrial as to the other charges.

On September 21, 2011, Appellant filed a request for pretrial diversion for his reckless homicide charge.

The request was denied by the prosecutor in a letter dated October 28, 2011. After a recitation of the factual background, the letter states the following:

> The defendant has submitted a pre-trial diversion application and I have reviewed all that is contained therein. I note that your client has an excellent record as a Memphis Police Officer. He has an extensive prior work history including service in the United States Navy. I also note that since this incident your client was terminated from the Memphis Police Department but is now employed with Walgreens. I do find that this incident was out of character for your client and give much weight to his past conduct and service.
>
> I am also aware that the victim's family is very much opposed to your client getting pre-trial diversion. I give great weight to the opinion of the family especially considering my responsibility under T.C.A. § 40-38-101 et seq. I also must give great weight to the fact that at the time of this offense your client was sworn to uphold the laws of the State. He was a uniformed police officer, driving a marked police car through a residential neighborhood, in clear violation of the traffic laws that he is supposed to enforce. His conduct gives the public the impression that the laws are for the civilians to follow not the police. His actions were not done in response to an emergency but to speed his arrival at the precinct so he could get off work. I do not find persuasive that the victim is a[t] fault for pulling out from Orman Street into the path of your

client. Based on the forensic information I find that your client was not visible when [the victim] pulled into the street.

Based on all the submitted information, I find that your client is not a good candidate for pre-trial diversion.

On November 8, 2011, Appellant filed a petition for a writ of certiorari with the trial court asserting that the denial of pretrial diversion amounted to an abuse of prosecutorial discretion. On November 22, 2011, the prosecutor filed a supplemental letter of denial. At the conclusion of this letter, the following reasons were added for the denial:

1. The immature and irresponsible nature of your client's conduct does not lend itself to correction under pre-trial diversion. Speeding at high speed through a residential neighborhood in a marked police car so he can get off work shows a tremendous lack of self-control that pretrial diversion will not correct.

2. The nature of your client's action[s] also do not give me any confidence that he would not act recklessly in the future so I cannot say that his likelihood to re-offend is low.

3. I also find that the very open nature of this offense gives the public the impression that the police can operate outside the law. I feel that pre-trial diversion for your client would be inappropriate in that it would reinforce the view that the police are judged differently. Granting pre-trial diversion would undermine the deterrent effect of a conviction.

On January 24, 2012, the trial court granted the petition for writ of certiorari and vacated the assistant district attorney general's denial of pretrial diversion. The trial court found that the prosecutor had "abused his discretion by failing to weigh all of the relevant pretrial diversion factors." The trial court remanded the case to the district attorney for reconsideration and the weighing of all relevant factors.

The district attorney again denied the request for pretrial diversion in a letter dated February 24, 2012. This letter replaced the above three reasons for denial with the following:

1. Amenability to correction and propensity to reoffend.

I find that the immature and irresponsible nature of your client's conduct does not lend itself to correction under pre-trial diversion. Speeding at high speed through a residential neighborhood in a marked police car so he can get off work shows a tremendous lack of self-control that pre-trial diversion will not correct. The nature of your client's actions also do not give me any confidence that he would not act recklessly in the future so I cannot say that his likelihood to re-offend is low.

2. Circumstances of the offense.

I give great weight to the circumstances of this offense and also must give great weight to the fact that at the time of this offense your client was sworn to uphold the laws of this State. He was a uniformed police officer, driving a marked police car through a residential neighborhood, in clear violation of the traffic laws that he is supposed to enforce. His conduct gives the public the impression that the laws are for the civilians to follow not the police. His actions were not done in response to an emergency but to speed his arrival at the precinct so he could get off work. In addition to killing one victim, your client also seriously injured another person. I do not find persuasive your client's argument that the victim is a[t] fault for pulling out from Orman Street into the path of your client. The fact that your client is blaming the victim in this case shows that your client in not accepting responsibility for his actions. Based on the forensic information I find that your client was not visible when the victim pulled into the street. I also find that the very open nature of this offense gives the public the impression that the police can operate outside the law.

3. The Defendant's criminal record.

Your client does not have a criminal record. I give this some weight but since all persons applying for diversion do not have a record I do not give this great weight.

4. The Defendant's social history.

I have reviewed the application that you have provided and there is very little information provided about your client's social history.

5. The Defendant's physical and mental condition.

No information has been provided about the Defendant's physical and mental conditions so I must give this no weight.

6. Does pre-trial diversion serve the best interest of the public and Defendant in this case.

Based on all that has been presented in this case, I find that pre-trial diversion for your client would be inappropriate. The horrific nature of your client's conduct, his position of trust at the time and the crime's impact outweigh the other factors presented in this application. I also feel that granting this application would reinforce the view that the police can act differently and are judged differently than average citizens. Granting pre-trial diversion would undermine the deterrent effect of a conviction.

On March 22, 2012, Appellant filed a response in the trial court to the denial of his request for pre-trial diversion. On April 30, 2012, the trial court filed an order vacating the denial of pre-trial diversion because the denial was not supported by substantial evidence. The trial court termed the second and third letters as a "regurgitation" of the original letter denying diversion. The trial court ordered that "the district attorney general enter into a memorandum of understanding and that the defendant be placed on pretrial diversion."

On May 11, 2012, the State filed an application for permission to appeal the trial court's ruling. On June 1 and July 9, 2012, the trial court entered orders granting the State's application for permission to pursue an interlocutory appeal. On September 18, 2012, this Court granted the State's application for interlocutory appeal.

## ANALYSIS

The State argues that the trial court "failed to accord the District Attorney General's decision with the presumption of correctness to which it is entitled, reweighed the evidence on each relevant factor, considered evidence not considered by the District Attorney General, and substituted it's judgment for that of the District Attorney General." The Appellant disagrees.

Initially, we address the State's argument that the trial court considered evidence not considered by the assistant district attorney general. The State's brief states the following, "In its order, the trial court specifically cites the testimony of two witnesses who testified for the

-5-

defendant during his trial for vehicular homicide ([citation to record]). This evidence was not included in the pretrial diversion application nor was it cited by the prosecutor in his denial letters." The State is correct in its assertion that the trial court cited to the testimony from trial. However, we are not as confident as the State that the testimony at trial was not considered by the assistant district attorney. The trial was concluded before the application for pretrial diversion was submitted. We find that there is no evidence to directly support the State's assertion that the assistant attorney general did not consider evidence presented at the trial when denying pretrial diversion.

The Pretrial Diversion Act provides a means of avoiding the consequences of public prosecution for those who have the potential to be rehabilitated and avoid future criminal charges. T.C.A. § 40-15-105. Those who are statutorily eligible are not presumptively entitled to diversion; rather, it is extraordinary relief for which the defendant bears the burden of proof. *State v. Stanton*, 395 S.W.3d 676, 685 (Tenn. 2013).

Tennessee Code Annotated section 40-15-105 provides that candidates who satisfy certain criteria may be eligible for pretrial diversion.[1] "The self-evident purpose of pre-trial diversion is to spare appropriately selected first offenders the stigma, embarrassment and expense of trial and the collateral consequences of a criminal conviction." *Pace v. State*, 566

---

[1] Under the statute, a "qualified defendant" is a person who meets the following requirements:

"has not previously been granted pretrial diversion"; "does not have a prior conviction for a Class A or B misdemeanor or for any class of felony"; and "[t]he charged offense for which the prosecution is being suspended is not a felony or any of the following offenses:"

(a) Driving under the influence of an intoxicant as prohibited by § 55-10-401;

(b) Any misdemeanor sexual offense prohibited by title 39, chapter 13, part 5;
(c) Conspiracy, under § 39-12-103, to commit any Class E felony sexual offense prohibited by title 39, chapter 13, part 5;
(d) Criminal attempt, under § 39-12-101, to commit any Class E felony sexual offense prohibited by title 39, chapter 13, part 5;
(e) Solicitation, under § 39-12-102 to commit any Class D or Class E felony sexual offense prohibited by title 39, chapter 13, part 5; or
(f) Any misdemeanor offense committed by any elected or appointed person in the executive, legislative or judicial branch of the state or any political subdivision of the state, which offense was committed in the person's official capacity or involved the duties of the person's office.

T.C.A. §§ 40-15-105(a)(1)(B).

S.W.2d 861, 868 (Tenn. 1978).

The decision to grant pretrial diversion rests within the discretion of the district attorney general. T.C.A. § 40-15-105(b)(3); *see Stanton*, 395 S.W.3d at 685; *Curry*, 988 S.W.2d at 157. The Tennessee Supreme Court has stated that "In exercising his or her discretion, the district attorney general must 'focus[ ] on a defendant's amenability for correction and . . . consider[ ] all of the relevant factors, including evidence that is favorable to a defendant.'" *Stanton*, 395 S.W.3d at 685; (quoting *State v. Bell*, 69 S.W.3d 171, 178 (Tenn. 2002)); *see also State v. Hammersley*, 650 S.W.2d 352, 355 (Tenn. 1983). Specifically, district attorneys should consider the following factors:

> [1] circumstances of the offense; [2] the criminal record, social history and present condition of the defendant, including his mental and physical conditions where appropriate; [3] the deterrent effect of punishment upon other criminal activity; [4] defendant's amenability to correction; [5] the likelihood that pretrial diversion will serve the ends of justice and the best interests of both the public and defendant; and [6] the applicant's attitude, behavior since arrest, prior record, home environment, current drug usage, current alcohol usage, emotional stability, past employment, general reputation, marital stability, family responsibility and attitude of law enforcement.

*State v. Markham*, 755 S.W.2d 850, 852-53 (Tenn. Crim. App. 1988); *see also Stanton*, 385 S.W.3d at 685-86.

Although an important factor for consideration, "[t]he focus on amenability to correction is not an exclusive one . . . ." *State v. Carr*, 861 S.W.2d 850, 855 (Tenn. Crim. App. 1993). Deterrence of both the defendant and others is also a proper factor to consider. *Hammersley*, 650 S.W.2d at 354. However, "the circumstances of the offense and the need for deterrence 'cannot be given controlling weight unless they are of such overwhelming significance that they [necessarily] outweigh all other factors.'" *Stanton*, 395 S.W.3d at 686 (quoting *State v. McKim*, 215 S.W.3d 781, 787 (Tenn. 2007)). The district attorney's analysis must be conducted "on a case-by-case basis, assigning due significance to all relevant factors." *Markham*, 755 S.W.2d at 853.

When denying an application for pretrial diversion, the district attorney general must clearly articulate the specific reasons for denial in the record in order to provide for meaningful appellate review. *McKim*, 215 S.W.3d at 787; *Hammersley*, 650 S.W.2d at 355. Specifically, the Supreme Court has provided that a district attorney general's consideration

of all of the relevant factors:

> entails more than an abstract statement in the record that the district attorney
> general has considered these factors. He must articulate why he believes a
> defendant in a particular case does not meet the test. If the attorney general
> bases his decision on less than the full complement of factors enumerated in
> this opinion he must, for the record, state why he considers that those he relies
> on outweigh the others submitted for his consideration.

*State v. Herron*, 767 S.W.2d 151, 156 (Tenn. 1989), *overruled in part on other grounds by State v. Yancey*, 69 S.W.3d 553, 559 (Tenn. 2002).

Ordinarily, if the application for pretrial diversion is denied, the defendant must appeal by petitioning the criminal court for a statutory writ of certiorari. T.C.A. § 40-15-105(b)(3). In the petition, the defendant "should identify any part of the district attorney general's factual basis he or she elects to contest. Such contests should be limited to matters that are materially false or based on evidence obtained in violation of the petitioner's constitutional rights." *State v. Pinkham*, 955 S.W.2d 956, 960 (Tenn. 1997).

"The only evidence that may be considered by the trial court is the evidence that was considered by the district attorney general." *Stanton*, 395 S.W.3d at 686; *Curry*, 988 S.W.2d at 157. A hearing is conducted only to resolve any factual disputes concerning the application, and the trial court should not hear additional evidence which was not considered by the prosecutor. *Curry*, 988 S.W.2d at 157-58.

A prosecutor's decision to deny diversion is presumptively correct, and the trial court should only reverse that decision when the defendant establishes an abuse of discretion. *Stanton*, 395 S.W.3d at 686; *Curry*, 988 S.W.2d at 158. The record must be lacking any substantial evidence to support the district attorney general's decision before an abuse of discretion can be found. *Pinkham*, 955 S.W.2d at 960. "The trial court cannot re-weigh the evidence or substitute its own judgment for that of the district attorney general." *Stanton*, 395 S.W.3d at 686.

To seek relief from the district attorney general's denial of pretrial diversion, one must file a petition for statutory writ of certiorari in the criminal court. T.C.A. § 40-15-105(b)(3); *Stanton*, 395 S.W.3d at 686. The petition should identify any factual disputes with the district attorney general. *Pinkham*, 955 S.W.2d at 960. It is the filing of the petition which vests authority in the criminal court to review the action of the district attorney general.

In the case at hand, the trial court granted the petition to review the district attorney general's denial of the petition. The trial court subsequently overturned the district attorney general's denial of the petition and ordered the district attorney general to enter into a memorandum of understanding placing Appellant on pretrial diversion. In this factual situation, our supreme court stated the following in *State v. Curry*, 988 S.W.2d 153 (Tenn. 1999):

> The action of the prosecutor is presumptively correct, and it is subject to review by the trial court only for an abuse of discretion. The record in this regard must show an absence of any substantial evidence to support the refusal of the district attorney general to enter into a memorandum of understanding before a reviewing court can find an abuse of discretion. The appellate court must determine whether the trial court's decision is supported by a preponderance of the evidence.

988 S.W.2d at 158.

The trial court stated in its order that the district attorney "abused his discretion by continuing to wholly fail to articulate substantial evidence supporting the denial of pretrial diversion." The trial court concluded that the district attorney's letter is "'replete with "rote statements" that attempt to bypass actually weighing the relevant factors.'" (quoting *State v. Holly A. Hatcher*, No. M200802042-CCA-R10, 2010 WL 457491, at *6 (Tenn. Crim. App., at Nashville, Feb. 10, 2010)). Furthermore, the trial court stated that "the statement for denial of pretrial diversion by the prosecutor 'exemplif[ies] the use of rote notations in lieu of actual analysis' and 'fail[s] to show the true legal discernment required by our well-settled law regarding pretrial diversion.'" (quoting *State v. Charlotte McCarter*, No. E2010-02127-CCA-R10-CD, 2011 WL 5826013, at *8 (Tenn. Crim. App., at Knoxville, Nov. 18, 2011)). The trial court concluded that there was no substantial evidence to support the district attorney's assertion that Appellant was not amenable to correction and had a propensity to reoffend. The trial court cited to Appellant's exemplary military and work history including eighteen years with the Naval reserves.

In addition, the trial court concluded that the district attorney gave undue weight to the circumstances of the offense. The trial court found that the district attorney's denial of diversion appeared to be based on the district attorney's opinion that reckless homicide should not be an offense subject to diversion.

The trial court also stated the following:

Contrary to established precedent, the assistant district attorney general in this case focused not on the defendant's amenability to correction *but rather on his own opinion of what should and should not be a divertible offense*. In so doing, the assistant district attorney general considered a factor not relevant to his determination of whether to grant pretrial diversion to the defendant in this matter. The prosecutor's consideration of, and emphasis upon, an irrelevant factor so tainted his decision-making process as to constitute an abuse of discretion. In this case, the district attorney general focused on the circumstances of the offense and the employment status of the defendant at the time of the commission of the offense. The assistant district attorney general abused his discretion . . . .

(emphasis added).

The trial court's findings appear to be consistent with the record. Clearly, in denying diversion the district attorney focused on the reckless nature of Appellant's conduct. However, the definition of reckless homicide assumes a defendant charged with this offense has behaved "recklessly." *See* Tenn. Code Ann. § 39-13-215(a) (defining the offense as the reckless killing of another) and § 39-11-302(c):

> "Reckless" refers to a person who acts recklessly with respect to circumstances surrounding the conduct or the result of the conduct when the person is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the accused person's standpoint.

Nevertheless, the legislature has opted to provide that reckless homicide is an offense subject to pre-trial diversion.

In the case at hand, the assistant district attorney general drafted three separate letters denying Appellant pretrial diversion. The majority of the second and third letters are clearly copied from the language contained in the first letter. The trial court pointed this fact out in its order vacating the denial of pretrial diversion. In the third letter, the assistant district attorney listed the *Pinkham* factors with a corresponding answer. However, we agree with

-10-

the trial court's assessment that much of the analysis is cut and pasted from the previous two letters and does not actually show an analysis of in what way Appellant has not met the factors to obtain pretrial diversion. Upon viewing the second letter, the trial court determined that the assistant attorney general had not addressed all the factors and remanded it to the attorney general's office for reconsideration. When the third letter was written, it is clear that the assistant attorney general did not enter into any further analysis other than cursory statements in response to the additional factors not covered in the previous letters.

The trial court based its decision on the assistant attorney general's failure to adequately address Appellant's application based on the methodology set out in the caselaw and statutes of this State. We conclude that the trial court did not reweigh the evidence or substitute its judgment for that of the assistant district attorney general and, in fact, correctly concluded that the office of the district attorney general abused its discretion in denying the request for pretrial diversion. Therefore, we find that the trial court's determination is supported by the preponderance of the evidence.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the trial court.

JERRY L. SMITH, JUDGE